UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ANTONIO L. BURNS,                )
                                 )
    Plaintiff,                   )
                                 )    Case No. 1:10-CV-42
    v.                           )
                                 )    Chief Judge Curtis L. Collier
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
                                 )
    Defendant.                   )

## **M E M O R A N D U M**

Plaintiff Antonio L. Burns ("Plaintiff") brought this action on February 26, 2010, seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff disability and social security income ("SSI") benefits. The Court referred the matter to United States Magistrate Judge Susan K. Lee, pursuant to 28 U.S.C. § 636(b) and in accordance with Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation ("R&R") regarding the disposition of Plaintiff's motion for summary judgment (Court File No. 22) and Defendant's motion for summary judgment (Court File No. 24).[1] The magistrate judge filed an R&R (Court File No. 26) recommending Plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted (Court File No. 24), and the Commissioner's decision to deny Plaintiff disability and SSI benefits be affirmed. Plaintiff timely objected to the R&R (Court File No. 27), and the Commissioner responded (Court File No. 30). For the reasons discussed below, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R, **DENY** Plaintiff's summary judgment motion denied (Court File No. 22), **GRANT** the

---

[1] Neither Plaintiff nor the Commissioner filed response briefs to these summary judgment motions.

Commissioner's motion for summary judgment (Court File No. 24), **AFFIRM** the Commissioner's decision to deny Plaintiff disability and SSI benefits, and **DISMISS** the case.

I.  STANDARD OF REVIEW

This Court must conduct a de novo review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's standard of review is essentially the same as the magistrate judge's–review is limited to determining if the Commissioner's findings are supported by substantial evidence and if proper legal standards were used. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). "Substantial evidence" means evidence a reasonable mind might accept to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). If supported by substantial evidence, the Court must affirm the Commissioner's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The substantial evidence standard presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994). The Commissioner need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful

judicial review. *Bailey v. Comm'r of Soc. Sec.*, No. 98-3061, 1999 WL 96920, at *4 (6th Cir. Feb. 2, 1999).

## II. DISCUSSION

Plaintiff makes three objections–which Plaintiff refers to as "averments of error"–to the magistrate judge's R&R. First, Plaintiff argues the magistrate judge erred by concluding the Administrative Law Judge ("ALJ") did not have to expressly consider whether Plaintiff met the standard for mental retardation under the Social Security Act and its implementing regulations. Second, Plaintiff contends the ALJ's failure to expressly consider whether Plaintiff satisfied the standard for mental retardation *ipso facto* renders the ALJ's finding unsupported by substantial evidence. Finally, Plaintiff argues the ALJ's unstated reasons for finding Plaintiff did not meet the mental retardation standard are not based on substantial evidence. In response, the Commissioner argues 1) the magistrate judge correctly concluded the ALJ had considered whether Plaintiff met the mental retardation standard even though the ALJ did not specifically refer to the relevant listing; 2) the magistrate correctly concluded Plaintiff's daily activities did not warrant a finding Plaintiff was disabled; and 3) Plaintiff's arguments in support of his third objection rely on unsupported attacks on the competence of psychologists who examined Plaintiff. The Court will examine in turn Plaintiff's three objections.[2]

### A. Express Consideration of Impairment Listing

In determining whether a claimant qualifies as disabled under the Social Security Act, the

---

[2] Because none of Plaintiff's objections challenges the factual findings made by the magistrate judge, the Court accepts and adopts the facts as found in the magistrate judge's R&R (Court File No. 26, pp. 2-5).

3

Social Security Administration has established a five-step sequential process. 20 C.F.R.§§ 404.1520(a) and 416.920(a). Step Three, which is at issue in this case, requires the ALJ to determine whether a claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App'x. 1. Plaintiff first argues the ALJ's failure to expressly consider whether Plaintiff satisfied Listing 12.05 (mental retardation) violates the ALJ's requirement to expressly state all findings on the record. Although Plaintiff concedes the ALJ did discuss the issue of Plaintiff's mental retardation to some extent, Plaintiff's first objection rests on the ALJ's failure to make an express finding on Listing 12.05.

Citing no cases in support of his argument, Plaintiff instead relies on the general statutory command that

> [t]he Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.

42 U.S.C. 405(b)(1). Plaintiff derives from this language, as well as the directive in 20 C.F.R. § 404.1520a (a)(3) that an ALJ evaluating a mental impairment claim "organize and present . . . findings in a clear, concise, and consistent manner," a *per se* rule whereby the failure to expressly mention a listing warrants remand if the ultimate decision is unfavorable. It follows, Plaintiff argues, when the ALJ here found Plaintiff "did not medically meet or equal the criteria of Listings 12.02, 12.04, and 12.06" (Administrative Record, p. 13) (hereinafter "AR"), the ALJ's failure to explicitly find Plaintiff did not meet the criteria in 12.05 requires remand for the ALJ to consider Plaintiff's claim under that listing.

4

The Court can find no support for such a rule, and will not overturn the Commissioner's decision on this basis alone. Instead, the statutory and regulatory language, as well as relevant case law, indicates an ALJ errs when he fails to provide a sufficient explanation for a decision unfavorable to a claimant. *See, e.g.*, *Felisky*, 35 F.3d at 1036 ("If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so."); *Wines v. Comm'r of Soc. Sec.*, 268 F.Supp.2d 954, 958 (N.D. Ohio 2003) (same). Thus, as long as an ALJ provides a reasoned discussion which is explained in clear language and supported by substantial evidence, and applies the correct legal standard, that decision must be upheld by a reviewing court. Although the ALJ in this case regrettably failed to expressly indicate he had considered whether Plaintiff met or equaled the mental retardation listing, his discussion shows he did in fact do so. *See* AR 14-15.

Accordingly, the Court rejects Plaintiff's invitation to craft a *per se* rule requiring remand where an ALJ has expressed his findings in a clear, concise, and organized manner but failed to state expressly a listing under which he has considered a claimant's claim. The Court **DENIES** Plaintiff's first objection.

### B. Absence of Express Consideration of Impairment Listing as Lack of Substantial Evidence

Plaintiff's next objection is a repackaged version of his first one. Buttressed with only two short paragraphs, Plaintiff contends "[w]hen the ALJ does not discuss the relevant listing, it is impossible to make a substantial evidence argument that what he (might have) relied upon in finding the relevant listing was unmet is not in fact met or equaled, it requires presumptions that a claimant should not have to make" (Court File No. 27, p. 5). This argument, however, depends on the assumption the ALJ did not in fact discuss the relevant listing. Here, that assumption is unfounded. Although the ALJ did not explicitly cite 12.05, the mental retardation listing, in his decision, he did

5

consider mental retardation as part of Plaintiff's claim. Thus, the Court can determine whether the ALJ's decision used the proper legal standards and rested on substantial evidence without reweighing evidence, resolving conflicting evidence, or making credibility determinations. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). The mere fact the ALJ did not cite the mental retardation listing neither *ipso facto* renders the ALJ's decision unsupported by substantial evidence nor prevents this Court from reviewing that decision under the substantial evidence standard. Whether the ALJ's decision was in fact supported by substantial evidence is a distinct question, and is what the Court examines next. The Court thus **DENIES** Plaintiff's second objection.

### C. Whether Substantial Evidence Supported the ALJ's Conclusion

Plaintiff's final objection presents the heart of his argument: substantial evidence did not support the ALJ's decision denying Plaintiff a period of disability and SSI benefits. The magistrate judge's analysis in the R&R provides a comprehensive explanation of why the ALJ's decision was supported by substantial evidence, and the Court will not simply repeat that analysis here. Instead, the Court will focus on the specific arguments Plaintiff has made in this final objection to the R&R. The Court has identified three such arguments: 1) one examiner concluded Plaintiff was in fact retarded; 2) the two examiners who concluded Plaintiff was not retarded did not examine him in person and incorrectly assumed Plaintiff's job as a fast food cook required greater mental competence than it did; and 3) there are significant questions of fact regarding whether Plaintiff experienced deficits in adaptive functioning. After a brief observation regarding the ALJ's decision, the Court addresses each of these arguments in turn.

To be found mentally retarded under Listing 12.05, a claimant must, in addition to meeting criteria in sections A, B, C, or D of 20 C.F.R. Pt. 404, Subpt. P. App'x. 1, §12.05, show "(1) the

6

claimant suffers from 'significantly subaverage general intellectual functioning,' (2) the claimant suffers from 'deficits in adaptive functioning,' (3) such deficits initially manifested during the developmental period (i.e., before age 22)." *Daniels v. Comm. of Soc. Sec.*, 70 F. App'x. 868, 872 (6th Cir. 2003) (quoting regulatory language). In his decision, the ALJ considered each of these factors. The ALJ discussed Plaintiff's intellectual functioning, his adaptive functioning as manifested through his education history, work history, and daily activities, the results of IQ testing on Plaintiff, and work limitations Plaintiff faced. AR 14-15. Having considered these various factors, the ALJ concluded as follows:

> In regards to [Plaintiff's] mental health impairments, while the consultative examiner found two slight limitations and two moderate limitations, there was no basis to find a mental limitation that would preclude the claimant from working. Despite the fact that the consultative examination found that he was functioning in the mild range of mental retardation, his adaptive functioning, his work history, and his current work as a cook suggest that he was functioning more in the borderline range. Furthermore, his activities of daily living were adequate. Also, the fact that he worked as a cook from January 2001 to February 2004 and as a construction laborer from April 2004 to June 2006 showed that his mental problems did not preclude him from working.

*Id.* at 15. Thus, although the ALJ did not explicitly mention Listing 12.05, the ALJ did consider the elements involved in determining whether Plaintiff met or equaled the 12.05 listing for mental retardation.

Plaintiff first argues the ALJ's decision lacked substantial evidence because one examiner concluded Plaintiff "was retarded and that his education, and behavior were fully consistent with being retarded" (Court File No. 27, p. 6) (citing AR 166-67). This argument falls short for two reasons. First, it mischaracterizes the examiner's actual findings. In fact, the examiner, David Thompson, assessed Plaintiff with "intellectual functioning in the mild range of mental retardation with commensurate levels of academic achievement." AR 166. Thompson's conclusion Plaintiff

7

functioned "in the mild range of mental retardation" is distinct from an outright determination Plaintiff was retarded. Second, Plaintiff's first argument only suggests some evidence supported a different conclusion than the one the ALJ reached. But as long as substantial evidence supports the ALJ's decision, the Court must affirm it, even if substantial evidence also supports the opposite conclusion. *Jones,* 336 F.3d at 475. Because substantial evidence did support the ALJ conclusion's that Plaintiff was not mentally retarded to the extent that it precluded him from working, the existence of evidence supporting a different conclusion does not persuade the Court to reverse the ALJ's decision.

Plaintiff's second argument–that the two examiners who concluded Plaintiff was not mentally retarded made faulty assumptions–fails because Plaintiff has waived it. In making its decision, the ALJ relied in part on the conclusions of two state agency psychologists. Dr. Fawz E. Schoup found Plaintiff had borderline intellectual functioning, AR 199, a finding echoed by Dr. P. Jeffrey Wright, AR 259. Plaintiff did not challenge these doctors' findings in his own summary judgment motion, and did not challenge these findings in response to the Commissioner's summary judgment motion.[3] Thus, because Plaintiff has waited until objecting to the R&R to make this argument, Plaintiff has waived this claim. *Swain v. Comm'r of Soc. Sec.*, 379 F.App'x. 512, 517-18 (6th Cir. 2010) ("A claim raised for the first time in objections to a magistrate judge's report is deemed waived.") (internal bracket removed; citations omitted); *see also Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000) ("A claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review . . . . To hold otherwise would allow

---

[3] Indeed, Plaintiff did not file any response to the Commissioner's summary judgment motion.

8

a claimant to raise new claims to the district court and thus effectively have two opportunities for judicial review."). Because Plaintiff has waived this argument, it cannot be a basis for overturning the ALJ's decision.

Even if waiver did not apply, Plaintiff's second argument also commits the very wrong it accuses the state psychologists of making: erroneous assumptions. Plaintiff argues both doctors "are out of their expertise when it comes to [Plaintiff's] vocational demands," and based their "erroneous assumption[s]" on the fact Plaintiff's work "is far more skilled than it is" (Court File No. 27, p. 9).[4] Plaintiff provides, however, no support for his bare assertion the two doctors assumed the fast food cook position Plaintiff held was a skilled position. A more plausible assumption is that both doctors, who had access to Plaintiff's submissions to the Social Security Administration, would have known Plaintiff worked as a part-time[5] fast food cook, and that such a position did not require high intelligence or a specialized skill set. Plaintiff offers nothing in the record to unsettle this latter assumption.

Finally, Plaintiff contends "a huge issue of fact" regarding whether Plaintiff suffered from deficits in adaptive functioning warrants remand (*id.*). In support of this argument, Plaintiff notes he does not live alone, has no responsibility for pets or other persons, needs reminders to maintain his hygiene, does not possess a driver's license, and does not oversee his own finances (*id.*). The record indicates, however, the ALJ considered Plaintiff had "moderate limitations in activities of

---

[4] Plaintiff devotes an entire page of his brief to providing the Court with definitions from *The Dictionary of Occupational Title* of "fry cook" and "fast food worker" (Court File No. 27, p. 8). The upshot of these definitions is that the positions do not require someone of high intelligence to perform. Nothing in either Dr. Schoup's or Dr. Wright's evaluation of Plaintiff suggested otherwise.

[5] Both doctors note Plaintiff only worked part-time as a cook. *See* AR 199, 259.

9

daily living" and "moderate limitation in social functioning." AR 15. Moreover, the ALJ specifically concluded Plaintiff had adequate adaptive functioning, *id.*, a conclusion supported by the opinions of Drs. Schoup and Wright. *Cf. Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 126 (6th Cir. 2003) (finding claimant did not meet Listing 12.05 because two psychologists concluded claimant "was actually operating within the borderline range of intellectual functioning, although her intelligence test scores, standing alone, would indicate mental retardation"). As with Plaintiff's first argument, the existence of evidence supporting Plaintiff's claim he suffered from deficits in adaptive functioning cannot overcome the ALJ's decision as long as substantial evidence supports the ALJ's decision. *Jones,* 336 F.3d at 475. The Court conclude substantial evidence supports the ALJ's finding Plaintiff had adequate adaptive functioning such that he did not meet or equal the mental retardation standard articulated in Listing 12.05

Because substantial evidence supported the ALJ's decision to deny Plaintiff a period of disability and SSI benefits, the Court **DENIES** Plaintiff's third objection.

### III. CONCLUSION

The Court has considered Plaintiff's objections after its complete review of the record, and has found them without merit. Accordingly, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 26). The Court will **GRANT** Defendant's motion for summary judgment (Court File No. 24), and **DENY** Plaintiff's summary judgment motion (Court File No. 22). Finally, the Court will **AFFIRM** the Commissioner's decision and will **DISMISS** the case.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**